Ross's Estate et al.

Argued March 30, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. T. Tredway,* with him *Thos. W. Neely, Sr.,* and *Thos. W. Neely, Jr.,* for appellants.

*James S. Crawford,* of *Patterson, Crawford, Arensberg & Dunn,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 22, 1933:

This is a nearly related case to the preceding one. It arose on the petition of Agnes Duffy Connell (plaintiff in the other case) and Sarah Palmer to the Orphans' Court of Allegheny County, in which they alleged they are direct descendants of James Ross, Sr., and James Ross, Jr., and entitled to share in their estates. The prayer of the petition was for a citation to the Union Trust Company, successor-trustee under the will of Ross Johnston, to file an account, for distribution to the petitioners and others who might be entitled thereto, and for disclosure of all assets which came into the hands of the trustee from the estates of James Ross, Sr., James Ross, Jr., and Ross Johnston. Agnes Duffy Connell died after the filing of the petition and her daughter, Ethel Cribbs-Stairs, was substituted. The court refused the prayer of the petition. The petitioners appeal.

We think no useful purpose would be served by an elaborate recital of the genealogical facts upon which appellants base their claim, or of the somewhat complicated provisions of the will of James Ross, Jr., who died November 7, 1851. The court below in its opinion found as follows:

"The petitioners admit they have no interest in the estate of Ross Johnston, deceased, and, even if they had, they would be barred by laches and the statute of limitations from attacking the correctness of the accounts long since confirmed absolutely. It is claimed by petitioners, however, that the trustee now has assets in its hands that are not the property of the estate of Ross Johnston, deceased, but belong to the heirs of James Ross, Sr., or James Ross, Jr., for which they seek discovery. This is denied by the trustee, and no testimony was offered to prove the averment.

"Georgianna Aspinwall, a daughter of Anne R. Aspinwall, one of the nieces mentioned in the second paragraph of the will of James Ross, Jr., arrived at the age of twenty-one years on May 1, 1866, and died July 21, 1873, leaving to survive her Anne R. Aspinwall, her mother, who died December 2, 1895. It is claimed by petitioners that said Georgianna Aspinwall was entitled to have a conveyance of her interest May 1, 1866, when she arrived at the age of twenty-one years, but there is no proof that she did not receive it. Even if she did not, it vested in her when she attained the age of twenty-one years, and any rights would have passed to her mother, Anne R. Aspinwall, as her heir-at-law. Harriet Livingstone, the other niece mentioned in said paragraph, died in 1848, survived by a daughter, Mary Coleman Livingstone, who married Maturin L. Delafield, and who was living at the end of said twenty-one-year period and became entitled to the other one-half interest.

"In the fifteenth paragraph of the petition it is averred, 'That on December 2, 1895, Anne R. Aspinwall died, whereupon the benefit to her, together with all other properties in the hands of said trustee, lapsed and became a part of the residuary estate of James Ross, Jr., and under the terms of his will devolved upon and became the property of your petitioners and other heirs at law in accordance with the intestate laws of Pennsylvania as in said will set out or as the same were and have been from time to time controlling the distribution under the intestate laws of the state.' Counsel for petitioners has offered nothing to support the conclusion in this paragraph, and, even if it is a correct interpretation, it has not been shown that petitioners have any interest.

"The residuary estate was devised to a trustee, the income from which was payable to the two nieces of testator, Anne R. Aspinwall and Harriet Coleman, for life, and upon the death of either niece her share was to go to her living issue who should attain the age of twen-

ty-one years. As we have mentioned, Mary Coleman Livingstone Delafield survived her mother, Harriet Coleman Livingstone, and became entitled to the one-half share of the corpus. Anne R. Aspinwall, the other niece, had no issue living at the time of her death, and under the residuary clause her share at her death would go to Mary Coleman Delafield, the issue of the other niece. If there is any part of the estate of James Ross, Jr., of which he died intestate, petitioners have not shown what it is or that they are entitled to any portion of it.

"At the hearing several offers of testimony by counsel for petitioners were rejected upon objection by counsel for the trustee. Ethel Cribbs-Stairs, a substituted petitioner, was called as a witness and identified a chart which she said was a photostatic copy of a chart which she had made from data which came from England, but that there had been some other names added. She said, 'This is the genealogical chart of the Ross family back in 1300.' She further testified that she had gathered the data from the records in cemeteries, courthouses, county buildings, and churches at different places, but she did not specify what records or in what manner the information had been obtained. The exception of counsel for the trustee to the offer of this exhibit was sustained. Counsel also had the witness identify a paper which she said was a copy of a tree of the Ross family which was brought over from England. This was not an original, and there was no evidence of who was the author, the source from which it came, or how the data was obtained. On objection, the offer of this exhibit was rejected. The only other evidence of any relationship with James Ross, Jr., was that of Mrs. Palmer, the other petitioner, and she did not give any information from which it could be found that petitioners, or either of them, are parties in interest, which would entitle them to the relief prayed for. In the absence of any testimony showing that the Union Trust Company, trustee under the will of Ross Johnston, deceased, has in its hands any assets of the

estates of James Ross, Sr., or James Ross, Jr., or anything not properly belonging to the estate of Ross Johnston, deceased, and any proof of any interest of petitioners in any of said assets, the prayer of the petition must be refused."

Decree affirmed at appellants' cost.